**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHELLEY J. WINSTON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:21-cv-1119-LY-SH** |
| | § | |
| **HAYS COUNTY GOVERNMENT AND** | § | |
| **HAYS COUNTY SHERRIF'S OFFICE,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Shelley J. Winston's Complaint (Dkt. 1) and Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2), both filed December 8, 2021. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Motion and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

**I.  Motion to Proceed *In Forma Pauperis***

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and her Financial Affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status (Dkt. 2) and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C.

1

§ 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II.  Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

**B.  Plaintiff's Lawsuit Should be Dismissed Under Section 1915(e)(2)(B)**

This is not the first lawsuit Plaintiff has filed against the Hays County Sheriff's Office (the "Sheriff's Office") in this Court. On August 13, 2021, Plaintiff filed suit against the Sheriff's Office and her former landlord, Margery Louise Sloan, after Plaintiff was evicted from her residence. *Winston v. Sloan*, 1:21-CV-702-LY (W.D. Tex. Aug. 13, 2021). In that suit, Plaintiff alleged that Sloan had "made up false criminal charges against" her, violated the Texas Rent Relief Program, committed theft and slander, and brought a "retaliatory eviction suit" against Plaintiff to harass her. *Id.*, Dkt. 1 at 4. Plaintiff also alleged that she was sexually assaulted at her residence by a man that Sloan had hired, and that she was unable to protect herself due to "cognitive injury." *Id.* Plaintiff sought monetary damages and an "Emergency Stay Writ of Possession." *Id.* at 5.

On August 23, 2021, the District Court dismissed Plaintiff's case for lack of federal question jurisdiction. Dkt. 4 at 2. Although Plaintiff had cited several federal statutes as the basis for federal question jurisdiction, the District Court found that the lawsuit was "comprised almost entirely of state-law allegations," and that Plaintiff had "failed to establish a substantial federal interest and that Winston's 'federal issue' will be not be dispositive of this case." *Id.* at 1-2. Accordingly, the District Court concluded that: "Winston fails to meet her burden to establish federal-question

jurisdiction and [the Court] must dismiss this case without prejudice so that she may bring it where it belongs—in state court." *Id.* at 2.

Nonetheless, Plaintiff filed this suit asserting many of the same allegations. While Plaintiff has substituted Hays County for Sloan as a defendant, Plaintiff again complains that false criminal charges were made against her and that her "case report" was falsified. *Id.* at 5. Plaintiff alleges that she complained to Hay County about "police report discrepancies," but that the county became "unresponsive when I asked to discuss the case report on the record." *Id.* at 6. Plaintiff asks that her case be transferred "to Texas Rangers for investigation," and that the Court appoint her a federal prosecutor to "assist" her. *Id.* at 5-6. Although Plaintiff relies on 42 U.S.C. § 1983 for subject matter jurisdiction, Plaintiff fails to allege any constitutional claims.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). District courts "should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Plaintiff's Complaint is based on the same facts and allegations that she alleged in her first lawsuit, all of which arise from her eviction. While a showing of "new and significant facts or an intervening change in the law might permit relitigation of claims," Plaintiff fails to make such a showing. *Wallace v. Rupert*, 644 F. App'x 307 (5th Cir. 2016). Thus, Plaintiff's lawsuit is duplicative and should be dismissed as frivolous. *See Wilson*, 878 F.2d at 851 (finding that district court did not abuse its discretion in dismissing case under § 1915(d) as frivolous because it was duplicative); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative complaint as frivolous where the complaint "repeats the same factual allegations that

he asserted in his earlier case" against different defendants); *Wallace v. Rupert*, 644 F. App'x 307

(5th Cir. 2016) (affirming dismissal of duplicative lawsuit as frivolous).

This lawsuit also should be dismissed as frivolous because the Court lacks subject matter

jurisdiction under the *Rooker-Feldman* doctrine. This doctrine deprives federal courts of subject

matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional
> limitation by asserting claims not raised in the state court
> proceedings or claims framed as original claims for relief. If the
> district court is confronted with issues that are "inextricably
> intertwined" with a state judgment, the court is "in essence being
> called upon to review the state-court decision," and the originality
> of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482

n.16). Litigants may not obtain review of state court actions by filing complaints about those

actions in lower federal courts framed as civil rights suits. *See Liedtke v. State Bar of Tex.*, 18 F.3d

315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot

circumvent this rule, as absent a specific delegation federal district courts, as courts of original

jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.")

(cleaned up). The only federal recourse for constitutional questions arising in state court

proceedings is application for writ of certiorari to the United States Supreme Court. *Id.*

Here, Plaintiff attempts to challenge the validity of a state court eviction order, which

constitutes an impermissible federal collateral attack on a state court civil order or judgment.

Eviction "is a matter governed by state, not federal, law." *Hoffhine v. Turturo*, No. 5:20-CV-713-

JKP-RBF, 2021 WL 2878560, at *1 (W.D. Tex. Feb. 22, 2021), *R. & R. adopted*, 2021 WL

5

2878557 (W.D. Tex. Mar. 11, 2021). Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the *Rooker-Feldman* doctrine. *See Coleman v. Williams*, 538 F. App'x 513, 515 (5th Cir. 2013) (holding that debtor's due process claim against law enforcement officers, challenging her eviction following foreclosure sale of her former house, was impermissible challenge to state court's judgment); *Wells v. Ali*, 304 F. App'x 292, 294 (5th Cir. 2008) (affirming dismissal of lawsuit seeking to relitigate eviction-related claims in federal court under *Rooker-Feldman* doctrine); *Wilkerson v. Hoff*, No. 3:21-CV-00136-KC, 2021 WL 3186125, at *4 (W.D. Tex. July 28, 2021) (same); *DeVilbiss v. Jackson*, No. SA-20-CV-00878-OLG-EBC, 2020 WL 5249246, at *3 (W.D. Tex. Sept. 3, 2020) (same), *R. & R. adopted*, 2020 WL 10054537 (W.D. Tex. Oct. 29, 2020).

In addition, Plaintiffs' related claims regarding false statements in police reports are inextricably intertwined with the state court eviction order. *Wells*, 304 F. App'x at 294. Accordingly, this suit is barred by the *Rooker-Feldman* doctrine and should be dismissed as frivolous. *See Kastner v. Texas Bd. of Law Examiners*, 408 F. App'x 777, 779 (5th Cir. 2010) (affirming district court's dismissal of case barred by *Rooker-Feldman* doctrine as frivolous); *Gonzales v. Janssen*, No. CV H-21-2580, 2021 WL 3639666, at *2 (S.D. Tex. Aug. 17, 2021) (dismissing complaint challenging civil court eviction order as frivolous where suit was barred by *Rooker-Feldman* doctrine).

### III.  Recommendation and Order

Based on the foregoing, the undersigned Magistrate Judge (1) **GRANTS** Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2); (2) **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2); and (3) **RECOMMENDS** that the District Court **WARN** Plaintiff that continuing to file frivolous lawsuits in federal court

based on her eviction may result in the imposition of sanctions, including monetary sanctions or a pre-filing bar.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 20, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE